■ MARTIN B. STEINTHAL et al., Respondents, v. ROY M. COHN, Appellant.— Order, entered on June 29, 1964, granting plaintiffs' cross motion for summary judgment, and denying defendant's motion for leave to serve an amended answer, and judgment, entered July 2, 1964, in favor of plaintiffs for $631,932.85 in damages for breach of a contract granting option to sell unregistered shares of stock on 20 days' notice unanimously affirmed, on the opinion of Mr. Justice SARAFITE at Special Term with the following added comments. While the parties to the option agreement contemplated the possibility that 30,500 of the shares would become registered, the agreement required defendant to purchase, or find a purchaser for, the 30,500 shares whether or not registered at $17.78, or make up the difference if sold to another for less. If the net proceeds of any sale of such shares, whether registered or not, were less than $800,000, defendant was required by the agreement to buy an additional number of shares at $17.78 as might be necessary to total $800,000. Plaintiffs were thereby entitled to demand that defendant purchase 44,995 shares at $17.78. Although the 20-day notice to defendant to purchase was defective, because delivered simultaneously with plaintiffs' delivery to Lionel of a 10-day prior option to Lionel to purchase 44,000 of these shares, this defect could have been readily cured by giving defendant 10 additional days within which to buy. Under these conditions, such a curable defect was waived by defendant's failure to ask for 10 additional days. There was, in any event, a sufficient exercise of the option, the curable defect relating to an insignificant time interval. This was especially insignificant in the light of defendant's association with Lionel. Under section 84-a of the Personal Property Law such an immaterial variance does not defeat the exercise of the option. Shares of stock are considered "goods" for purposes of the sales law provisions of the Personal Property Law (Agar v. Orda, 264 N. Y. 248; cf. Uniform Commercial Code, § 2-207, eff. Sept. 27, 1964). If plaintiffs' demand is considered a counter offer, then defendant's failure to reject it or note the variance before the expiration of the option constitutes an acceptance (Restatement, Contracts, Second [T. D. No. 1, April 13, 1964], § 72, subd. [e], Comment d). Where the defaulting defendant asked for and obtained plaintiffs' forbearance from suit, he cannot now complain that in a declining market plaintiffs' damages were measured by the difference between the agreed price and the proceeds of sale after plaintiffs finally realized, over a year later, that defendant would not perform. Apart from conclusory characterizations and subjective inferences, defendant failed to deny that he asked for and obtained such forbearance. This demonstrates that there is no triable issue of fact on the issue of damages. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ FRAMEN STEEL SUPPLY COMPANY, INC., Respondent, v. MANUFACTURERS TRUST COMPANY, Appellant.— Order entered December 14, 1962, denying defendant's motion for summary judgment, unanimously affirmed, with $30 costs and disbursements to the respondent. There are issues of fact not completely resolved by the documentary proof as to the significance in custom or trade of the legend CIF Ex Dock New York City. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.